UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARLOS M. DAVIS, )
)
Plaintiff, ) No. 3:10-cv-01147
) Judge Haynes
v. )
)
S. BILBREY and SONNY WEATHERFORD, )
)
Defendants. )

MEMORANDUM

Plaintiff, Carlos M. Davis, an inmate at Sumner County Jail in Gallitin, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants S. Bilbrey and Sonny Weatherford. Plaintiff's claims are that Defendant Bilbrey arrested Plaintiff without probable cause and used excessive force against Plaintiff. Plaintiff further alleges that his bail was excessively high, given the nature of the alleged offense he committed. Plaintiff seeks compensatory and punitive damages.

Before the Court is Defendants' motion to dismiss (Docket Entry No. 42), contending, in essence: (1) that Plaintiff has failed to serve answers to discovery in accordance with Fed. R. Civ. P. 37(d); and (2) that Plaintiff has failed to prosecute this action pursuant to Fed. R. Civ. P. 41(b). Plaintiff has not filed a response to Defendants' motion.

On April 27, 2011, the Court entered a scheduling order mandating that all discovery be completed by August 26, 2011. (Docket Entry No. 13). On July 11, 2011, the Defendants mailed Plaintiff their first set of interrogatories and request for production of documents, informing Plaintiff that he had thirty (30) days to answer the discovery. (Docket Entry No. 42-1).

On August 15, 2011, Plaintiff filed a motion for appointment of counsel and a motion for

extension of time to answer the discovery requests pending a ruling on his motion for appointment of counsel. (Docket Entry Nos. 20 and 21). On August 23, 2011, the Court denied Plaintiff's motion for appointment of counsel, but on September 6, 2011, granted his motion for extension of time, giving Plaintiff until September 19, 2011 to respond to the discovery requests. (Docket Entry Nos. 22 and 25). Plaintiff failed to answer Defendants' discovery requests by the given deadline. (Docket Entry Nos. 34 and 42).

On December 13, 2011, the Court entered a case management order setting this action for a three-day jury trial, beginning on April 24, 2012. (Docket Entry No. 32). Without Plaintiff's discovery responses, on January 30, 2012, Defendants filed a motion to continue trial and for entry of a new scheduling order that was granted on February 6, 2012. (Docket Entry Nos. 34 and 35). On February 22, 2012, the Court entered a revised scheduling order that extended the discovery deadline to May 15, 2012. (Docket Entry No. 39). Again, Plaintiff failed to adhere to the discovery deadline. (Docket Entry No. 42).

According to the Defendants, Plaintiff has not provided any discovery, requested to take any depositions, or answered the Defendants' discovery requests since filing his complaint on December 7, 2010. (Docket Entry No. 42 at 4). Such inaction, they argue, "shows that [Plaintiff] has no intention of prosecuting and continuing his claim." Id.

Plaintiff is now in violation of the Court's April 27, 2011, Scheduling Order, the September 6, 2011, Order, and the February 22, 2012, Revised Scheduling Order. When the Court sets a deadline for discovery and a party disregards that order, dismissal is an available sanction. Fed R. Civ. P. 37(b)(2)(A)(v). Further, upon motion of a defendant or the court, a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or any court

order may warrant dismissal. Fed. R. Civ. P. 41(b); Schafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008).

The less stringent standards applied to pro se pleadings do not extend to pretrial orders or rules that do not require "some degree of legal training or, at least, familiarity with applicable legal principles." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). In Jourdan, the Court held that the relaxed pleading standards for pro se litigants do not apply to "readily comprehended court deadlines" and explained that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay." Id.

The Sixth Circuit employs a four-factor test for determining when dismissal is appropriate:

> (1) whether the party's [conduct] [was] due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Fharmacy Records v. Nassar, 379 F.Appx 522, 524 (6th Cir. 2010) (citing Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir. 1988)).

In Fharmacy Records, the Sixth Circuit provided guidance on how to apply these factors, stating that:

> [A]s to the first factor, that "the imposition of inherent power sanctions requires a finding of bad faith" "or conduct that is 'tantamount to bad faith.'" We have held, for purposes of the second factor, that a defendant is prejudiced by a plaintiff's failure to cooperate in discovery when the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." As for the third factor, we have reversed the dismissal of certain cases where the district court failed to "put the derelict parties on notice that further noncompliance would result in dismissal," but as this is just one factor, we have also held that prior warning is not indispensable. Finally, we have instructed courts to look first to an "alternative sanction [that] would protect the integrity of the [judicial] process," but we have

"never held that a district court is without power to dismiss a complaint, as the first and only sanction . . . ."

Id. at 524 (citations omitted).

Here, Plaintiff had several opportunities to adhere to the discovery deadline that was extended on two different occasions, but failed to do so. Plaintiff does not offer any explanation for his failure to respond to Defendants' discovery requests. Moreover, Plaintiff has failed to respond to Defendants' motion to dismiss. Thus, the Court concludes Plaintiff's conduct is "tantamount to bad faith." United States v. Reyes, 307 F.3d 451, 458; Jarnigan v. Steele, No. 3:10-1034, 2011 WL 4437153 at *2 (M.D. Tenn. Sept. 23, 2011) (Report and Recommendation adopted October 18, 2011).

Further, the Court also finds that the Defendants are prejudiced by Plaintiff's failure to respond to discovery that caused them to incur unnecessary costs in "time, money, and effort" to defend this action. Whether Plaintiff knew that failure to cooperate could lead to dismissal remains unclear, "prior warning is not indispensable" and thus, not dispositive. Reyes, 307 F.3d at 458. Although prior sanctions have not been levied against Plaintiff, less extreme means were pursued to compel compliance prior to this motion: the discovery deadline was extended two times.

In addition to his failure to respond to discovery, Plaintiff has failed to prosecute under Fed. R. Civ. P. 41(b). The factors used to assess the appropriateness of dismissal under Rule 41(b) for failure to prosecute are "largely the same" as the Regional Refuse factors under 37(b). Id. (quoting Coleman v. Am. Red Cross, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994) ("the factors considered when reviewing dismissal under Rule 41(b), Rule 37(b), or a Court's inherent power are largely the same.")); Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)

(holding that in the context of dismissal pursuant to Rule 41(b) for failure to prosecute, the Court looks to the four Regional Refuse factors for guidance).

Although typically "none of the [Regional Refuse] factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Knoll, 176 F.3d at 363. "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" Schafer, 529 F.3d at 737 (quoting Webster's Third New International Dictionary 497 (1986)). Since filing his complaint on December 7, 2010, Plaintiff has not sent any discovery, requested to take any depositions, or answered the Defendants' discovery requests. Thus, the Court concludes that Plaintiff's conduct establishes sufficient grounds for dismissal where Plaintiff after over nine months of delayed discovery has violated three deadlines and has yet to demonstrate interest in moving forward with this action.

For these reasons, the Court concludes that Defendants' motion to dismiss (Docket Entry No. 42) should be granted and Plaintiff's claims should be dismissed with prejudice.

An appropriate Order is filed herewith.

ENTERED this the 19th of July, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CARLOS M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-01147 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| S. BILBREY and SONNY WEATHERFORD, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In accordance with the Memorandum filed herewith, the Defendants' motion to dismiss (Docket Entry No. 42) is **GRANTED**. Plaintiff's claims are **DISMISSED with prejudice**.

This is the Final Order in this action. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

ENTERED this the _19th_ day of July, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge